UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

Faigy Friedman,

                              Plaintiff,

                v.

Northland Group, Inc.,

                           Defendant(s).

------------------------------------------------------------------X

Civil Action No.:_____

**13 CV 0890**

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

*JUDGE BRICCETTI*

FILED
U.S. DIST...
2013 FEB -6  PM 4:26

       Plaintiff Faigy Friedman ("Plaintiff" or "Friedman"), by and through her attorneys,

Pomerantz & Pomerantz, PLLC, Attorneys at Law, as and for her Complaint against Defendant

Northland Group, Inc. ("Defendant" or "Northland"), respectfully sets forth, complains and

alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief

arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States

Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff is a resident of the State of New York, County of Orange, residing at 4 Stropkov

Ct., Unit 203, Monroe, NY 10950.

3.      Defendant is a collection firm with a principal place of business at 7831 Glenroy Rd., #350, Edina, MN 55439, and, upon information and belief, is authorized to do business in the State of New York.

4.      Northland is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.      Upon information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9.      On or about July 27, 2012, Plaintiff timely sent a letter to Defendant, demanding validation of the debt ("Exhibit 1").

10.     Defendant received Plaintiff's validation demand on or about July 30, 2012.

11.     Defendant failed to validate the debt as requested by Plaintiff.

12.     Defendant continued to collect on the debt after receiving Plaintiff's demand for validation, despite Defendant's failure to validate.

13.     Defendant sent Plaintiff a collection letter dated August 12, 2012.

14.     Said failure on the part of the Defendant is a violation of the FDCPA, 15 U.S.C. Sec.

1692g(b), which requires that a debt collector cease collection of the debt until it verifies the debt

and sends a copy of such verification to the debtor.

15.     As a result of the Defendant's deceptive, misleading and/or unfair debt collection

practices, the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

16.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "15" herein with the same force and effect as if the same were set forth at

length herein.

17.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate

various provisions of the FDCPA, including but not limited to 15 U.S.C. Sec. 1692g(b).

18.     As a result of the Defendant's violations of the FDCPA, the Plaintiff has been damaged

and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

19.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and

issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Faigy Friedman demands judgment from the Defendant Northland Group, Inc. as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Monsey, New York
       February 04, 2013

Respectfully submitted,

By: _____
        Aryeh L. Pomerantz, Esq.
Pomerantz & Pomerantz, PLLC
Attorneys at Law
Attorney for Plaintiff
3 College Rd.
Suite 203
Monsey, NY 10952
Tel. (845) 547-2600
Fax (845) 547-2601
aryeh@pom-law.com

July 26, 2012

From:
Faigy Friedman
4 Stropkov Ct. Unit 203
Monroe, NY 10950-3894

To:
NORTHLAND GROUP INC.
7831 Glenroy Road, Suite 250
Edina, MN 55439

RE: Account # F79437418

Dear Management:

This letter is lawful notification to NORTHLAND GROUP INC. as the first step of due process of law pursuant to the Bill of Rights and the Federal Constitution. Please take Notice that Faigy Friedman CONDITIONALLY ACCEPTS YOUR CLAIM UPON BONA FIDE PROOF that your claim is lawful and valid.

Please take lawful notice that in order to effect this *BONA FIDE PROOF*, NORTHLAND GROUP INC. via a legally authorized representative is lawfully required and hereby demanded to respond point by point in Truth, Fact, and Evidence to each and every item set forth in this correspondence before he or his Authorized Representative can make an offer to settle NORTHLAND GROUP INC.'s alleged claim in this matter.

Please provide the following:

1. A copy of the contract that binds myself, a Natural Person, and NORTHLAND GROUP INC., a creature of the State who is defined as an ARTIFICIAL PERSON.

2. PROOF OF CLAIM via certified, notarized, specific, and relevant documents that NORTHLAND GROUP INC.:

   a. Has any contract or agreement which lawfully compels this Natural Person to accept and/or respond to any communications from NORTHLAND GROUP INC.
   b. Is a lawful and valid party in interest in this matter.
   c. Is not an unrelated third party.
   d. Is not an unrelated third party debt collector.
   e. Did not purchase this alleged debt for an agreed upon cost from an alleged other COMPANY, CORPORATION, or Party.
   f. Is not acting on its own behalf and/or interests in this instant matter.
   g. When and how did you get my permission to obtain my consumer credit report.

*Exhibit 1 p 1*

Please have your legally authorized representative respond via signed affidavit, under penalty of perjury, and enclose copies of all relevant documents that demonstrate BONA FIDE PROOF OF YOUR CLAIM within 10 days of receipt of this letter, via certified mail.

This is not a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.

If your offices fail to respond to this validation request within 10 days from the date of your receipt, all references to this account must be deleted and completely removed from all of my 3 consumer credit report files  Experian, Trans Union, Equifax,  and a copy of such deletion request shall be sent to me immediately.

Your failure to provide a lawfully valid response within 10 days, as stipulated, is NORTHLAND GROUP INC. and their representatives admission to the fact that you have no BONA FIDE PROOF OF CLAIM in this instant matter which is your lawful, legal and binding agreement with and admission to this fact as true, correct, legal, lawful and binding upon you, in any court, anywhere in America, without your protest or objection or that of those who represent you.
Your silence is your acquiescence.


Dated: July 26, 2012                         All Rights Reserved,
                                             Respectfully submitted,



                              By: _____
                                  Faigy Friedman, American Citizen
                                  Authorized Representative
                                  4 Stropkov Ct. Unit 203
                                  Monroe, NY 10950-3894


Sent by Certified US Mail # 7011 2970 0003 5227 7166



*Ex. 1 / 2*



$Ex.\ 1\ p.\ 3$

## Northland Group Inc.

P.O. Box 390846
Minneapolis, MN 55439
Mail Code 5HT44

866-699-4523
NGI@northlandgroup.com
Hours of Operation: M-Th 7-9, F 7-7, Sat 8-2 CT
www.payments2northland.com

August 12, 2012

**ACCOUNT INFORMATION**

Current Account Owner: **LVNV Funding LLC**
Original Creditor: **Citibank/Sears**
Original Account #: **\*\*\*\*\*\*\*\*\*\*\*8497**
Current Balance Due: **$4,861.66**

Faigy Friedman  (F79437418-08/12x279)
4 Stropkov Ct
Unit 203
Monroe, NY  10950-3894

**NORTHLAND ACCOUNT NUMBER**

F79437418



# Settle your account in 3 or 6 payments!

In order to assist you in clearing this debt, we are offering options.

**Option I:** LVNV Funding LLC will allow you to settle your account for $729.24 in 3 payments starting on 09/02/12. We are not obligated to renew this offer.  The payments can be no more than 30 days apart. Upon receipt and clearance of all three payments of $243.08, a letter will be sent confirming the above referenced account has been resolved.

**Option II:** LVNV Funding LLC will allow you to settle your account for $972.36 in 6 payments starting on 09/02/12. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of all 6 payments of $162.06, a letter will be sent confirming the above referenced account has been resolved.

Please contact the representative below at 866-699-4523 if you have any questions. These are not your only options.

<u>**WE ARE REQURIED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT.**</u> **The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.**

**ACH DISCLOSURE:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. **\*\*When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.\*\***



**Pay Online:** www.payments2northland.com

*Exhibit 2*



**Pay by Phone:** Please call Northland Group, Inc. at 866-699-4523.